**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE (NORTHERN) DIVISION**

| | |
|---|---|
| Matthew C. Knowles, individually, and on behalf of all similarly situated persons,<br><br>        Plaintiff,<br><br>vs.<br><br>Google, Inc.,<br><br>        Defendant. | CIVIL ACTION NO. _____<br><br>**(JURY TRIAL DEMANDED)** |

## CLASS ACTION COMPLAINT

Plaintiff, Matthew C. Knowles, individually, and on behalf of the class described below, brings this state-wide class action suit against Defendant, Google, Inc. (hereinafter "Google"), and would respectfully show unto the Court the following:

## PARTIES

1. Plaintiff is a citizen of the State of Maryland, and resides in Baltimore County, Maryland, which is within the Baltimore Division of the District of Maryland.

2. Google is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California.

3. At all times relevant herein Google was acting individually and by and through its officers, agents, servants and/or employees in the course and scope of their agency and employment.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction of this matter, *inter alia*, under the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1332(d)(2). Plaintiff and Defendant are citizens of different states, the amount in controversy in this action exceeds $5,000,000.00, there are more than one hundred (100) members of the putative class and all class members are citizens of the State of Maryland.

5. The Court has general and specific personal jurisdiction over the Defendant Google due to its sufficient minimum contacts within the State of Maryland and because the material acts upon which Plaintiffs' claims are based occurred within the District of Maryland.

6. Venue is proper in the United States District Court, District of Maryland, Baltimore Division, pursuant to 28 U.S.C. § 1391(b) in that Defendant Google resides in the District of Maryland under 28 U.S.C. § 1391(c)(2) and a substantial part of the events giving rise to the claims occurred within the State of Maryland.

## NATURE OF SUIT

7. Plaintiff brings this state-wide class action lawsuit against Google pursuant to F.R.C.P. 23 for violation of the Maryland Wiretap Act, codified at Md. Code Ann. §10-402. e*t seq*. Specifically, Plaintiff alleges the Defendant has violated the Maryland Wiretap Act through its intentional interception and use of electronic communications sent by Plaintiffs and members of the Putative Class in Maryland to Google's "Gmail" account holders within Maryland.

8. Google operates an e-mail service known as "Gmail". Gmail account holders are assigned a Gmail e-mail address by Google through which they can send and/or receive electronic communications.

9. Upon information and belief Google, utilizing multiple devices and methodologies, intercepts and scans all electronic communications sent to Gmail account holders prior to their receipt and review by the Gmail account holder/recipient.

10. The actions complained of herein involve the interception and use of content from Plaintiff's and Class Member's Maryland electronic communications (e-mail) whose e-mails are sent to a Maryland Gmail account holder, whether through the initialization of an electronic communication to the Gmail user, a response or reply to an electronic communication from the Gmail user, or any subsequent new electronic communication transmitted by Plaintiff and/or Class Members to a Gmail user.

11. Google's systematic interception and use of electronic communications sent from Plaintiff and other non-Gmail account holders/users violates Md. Code Ann. §10-402 e*t seq.*

**FACTS**

12. Google owns and operates one of the world's largest internet search engines. Google offers many services, including e-mail address and internet usage, for free to attract large numbers of customers or users. Google generates revenue by selling on-line advertising which is aimed at its customers/users utilizing its free services. Google is able to attract more advertisers or charge higher advertising prices by virtue of attracting more customers/users or usage of Google services than other internet search engines or service providers.

13. "Gmail" is an electronic communication service operated by Google.

14. Google assigns Gmail account holders a Gmail e-mail address (username@gmail.com) for the purposes of sending and receiving electronic communications through the electronic communication service operated by Google (i.e. Gmail). Gmail account

holders can receive electronic communications from other Gmail account holders and from non-@gmail.com account holders.

15.     Plaintiff has sent and continues to send electronic communications in Maryland to @gmail.com account holders in Maryland.

16.     Upon information and belief, prior to the Gmail users ever receiving Plaintiff's e-mail, Google intercepts Plaintiff's e-mail.  Google's interception of Plaintiff's confidential e-mail communications without Plaintiff's knowledge, consent or permission is in violation of Md. Code Ann. §10-402, *et seq*.

17.     Google is not an intended recipient of or a party to Plaintiff's e-mails sent to Gmail users in Maryland.

18.     The devices used by Google are not a telephone or telegraph instrument, they are not telephone or telegraph equipment, they are not a telephone or telegraph facility, and they are not any component thereof.  Therefore, any exception set out in Md. Code Ann. §10-401 does not apply.

19.     Google's interception and use of content of electronic communications from Plaintiff and the Class Members is not within the ordinary course of business of an electronic communication service such as an email provider, is not a necessary incident to providing email services and does not functionally enhance providing email service to Gmail account holders.

20.     Within the Class Period, Plaintiff has sent and continues to send e-mails to Gmail account holders in Maryland from various locations within Maryland.

21.     Plaintiff's e-mails are electronic communications.

22.     At the time Plaintiff sent the e-mails to @gmail.com account holders, Plaintiff did so from his Yahoo® account.

23. Upon information and belief, Google intentionally intercepted and used the content of Plaintiff's e-mails to @gmail.com account holders.

24. Google did not compensate Plaintiff for the interception and use of the content of Plaintiff's e-mail or the use of the content of Plaintiff's e-mail, did not have his permission or, indeed, even advise Plaintiff that his emails to @gmail.com account holders within Maryland were being intercepted and used by Google for its own purposes.

## CLASS ALLEGATIONS

25. Plaintiff hereby repleads and incorporates by reference each and every allegation set forth above, and further states as follows:

26. Plaintiff brings this class action, pursuant to Rule 23 of the *Federal Rules of Civil Procedure,* individually and on behalf of all members of the following Class. The Class consists of:

> All natural persons located within the State of Maryland who sent e-mails from a non-@gmail.com account e-mail address to an @gmail.com account e-mail address the owner of which was also located within Maryland from within the longest period of time allowed by statute before the filing of this action up through and including the date of the judgment in this case;
>
> Excluded from the class are the following individuals and/or entities:
>
> a. Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;
>
> b. Individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;
>
> c. Current or former employees of Google;
>
> f. Individuals, if any, who have previously settled or compromised claims(s) as identified herein for the class; and

    g.    Any currently sitting federal judge and/or person within the third degree of consanguinity to any federal judge.

### A.    Numerosity

27.    The Class is so numerous that joinder of all members is impracticable.

28.    The number of separate individuals who sent e-mails from a non@gmail.com account e-mail addresses to an @gmail.com account e-mail address from within the longest period of time allowed by statute before the filing of this action is excess of 100 persons.

29.    Upon information and belief, the number of Gmail account holders in Maryland is more than two hundred and fifty thousand users.. Correspondingly, Plaintiff alleges the numbers for the Class are some multiple of that number.

### B.    Commonality

30.    There are questions of law or fact common to the class. These questions include, but are not limited to, the following:

    a.    Whether or not Google intentionally intercepted, endeavored to intercept, or procured any other person to intercept or endeavor to intercept Plaintiff's and Class Members' electronic communications to @gmail.com account recipients. Inclusive in this common question are the common questions regarding the elements of Maryland statutes based upon the statutory definitions:

- Whether or not Google acted intentionally;

- Whether or not Google acquired any content of Plaintiff's and Class members e-mail;

- Whether or not Plaintiff's and Class Members' e-mails to the @gmail.com account recipients were electronic communications;

- Whether or not statutory damages against Google should be assessed; and

- Whether or not injunctive and declaratory relief against Google should be issued.

### C. Typicality

31. Plaintiff's claims are typical of the claims of the Class in that Plaintiff and the Class sent e-mails to @gmail.com account holders, Google intercepted and acquired the e-mails' contents, Google used or endeavored to use the contents of the Plaintiff's and the Class Members' e-mails, the users of Gmail did not consent to the interception and uses made the basis of this suit, neither Plaintiff nor the Class consented to Google's interception and uses of content made the basis of this suit, Plaintiff and the Class Members are entitled to declaratory relief, statutory damages, and injunctive relief due to Google's conduct..

### D. Adequacy of Representation

32. Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff's interests do not conflict with the interests of the Class members. Furthermore, Plaintiff has retained competent counsel experienced in class action litigation.  Plaintiff's counsel will fairly and adequately protect and represent the interests of the Class.

33. Plaintiff asserts that pursuant to Fed. R. Civ. P. 23(b)(3), questions of law or fact common to the Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### CAUSE OF ACTION
### VIOLATIONS OF MD. CODE ANN. §10-401 *ET SEQ.*

34. Plaintiff hereby repleads and incorporates by reference each and every allegation set forth above, and further states as follows:

35. Google, as a corporation, is a "person" pursuant to Md. Code Ann. §10-101(5).

36.     Throughout the entirety of the conduct upon which this suit is brought, Google's actions were/are willful.

37.     Upon information and belief, Google willfully intercepted, intercepts, or endeavored or endeavors to intercept the electronic communications of Plaintiff's e-mail and Class members' e-mails as follows:

- Google acquired(s) the content of Plaintiff's and Class Members' e-mail;

- Plaintiff's and Class Members' e-mails are electronic communications;

- Google utilized(s) one or more devices composing of an electronic, mechanical or other device or apparatus to intercept Plaintiff's and Class Members' electronic communications;

- Google's intercepting devices are not a telephone or telegraph instrument, are not telephone or telegraph equipment, are not a telephone or telegraph facility, or are not any component thereof;

- Google does not furnish the devices used to intercept the emails to Gmail users and users do not use the devices for connection to the facilities;

- The devices are not used by Google, operating as an electronic communication service, in the ordinary course of its business as a provider of an electronic communication service, are not a necessary incident of the rendition of email services and do not functionally enhance providing email service to Gmail account holders;

- Google's interception of Plaintiff's and Class Members' electronic communications for undisclosed and improper purposes delivering targeted advertisements, for purposes beyond the Service of Gmail, in violation of its user agreements, in violation of its contracts with third parties, and in violation of its statements to users are not within the ordinary course of business of a provider of an electronic communication service.

38.     Google intentionally used, uses, or endeavored or endeavors to use the contents of Plaintiff's and Class Members' electronic communications knowing or having reason to know that the information was obtained through the interception of the electronic communication in violation of Md. Code Ann. §10-402, *et seq*.

39. Google's interception and use of the contents of Plaintiff's and Class Members' electronic communications were not subject to any of the exceptions set out in Md. Code Ann. §§ 10-402 and 10-407.

40. Plaintiff did not consent to the interception or use of his electronic communications and, upon information and belief, neither did any of the Class Members..

41. As a result of Google's violations of Md. Code Ann. §10-401 *et seq.* pursuant to §10-410, Plaintiff and the Class are entitled to:

    a. Preliminary and permanent injunctive relief to halt Google's violations;

    b. Appropriate declaratory relief;

    c. For Plaintiff and each Class members, the greater of $100 a day for each day of violation or $1,000 whichever is higher;

    d. Punitive damages; and

    e. Reasonable attorneys' fees and other litigation costs reasonably incurred.

## JURY DEMANDED

Pursuant to the Seventh Amendment to the U.S. Constitution, Federal Rule of Civil Procedure 38 and Local Rule 406, Plaintiff demands a jury on any issue triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all Class members, requests judgment be entered against Defendant and that the Court grant the following:

1. An order certifying the Class and appointing Plaintiff and his counsel to represent the Class;

2. Judgment against the Defendant for Plaintiff's and the Class' asserted cause of action;

3. Appropriate declaratory relief against Defendant;

4. Preliminary and permanent injunctive relief against Defendant;

5. An award of statutory damages to the Plaintiff and the Class, for each, the greater of $100 a day for each day of violation or $1,000, whichever is higher;

6. Punitive damages;

7. An award of reasonable attorneys' fees and other litigation costs reasonably incurred; and

8. Any and all other relief to which the Plaintiff and the Class may be entitled.

This 9th day of July, 2012.

        Respectfully submitted,

        /s/ Kevin Gracie_____
        KEVIN GRACIE
        ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:
SLOCUMB LAW FIRM, LLC
777 Sixth Street, NW
Suite 200
Washington, D.C. 20001
Tel. No. (202) 737-4141
Fax No. (334) 321-0131

**DEMAND FOR TRIAL BY JURY**

The Plaintiffs demand a trial by struck jury of all of the issues in this case.

        /s/ Kevin Gracie_____
        KEVIN GRACIE
        ATTORNEY FOR THE PLAINTIFF

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiff requests that the Summons and Complaint in this case be served upon Defendant by Process Server, as follows:

Google, Inc.
C/O Registered Agent: CSC Lawyers Incorporating Service Company
11 East Chase Street
Baltimore, Maryland 21202

        /s/ Kevin Gracie_____
        KEVIN GRACIE
        ATTORNEY FOR THE PLAINTIFF